No.  90-363

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

STATE OF MONTANA,

Plaintiff and Respondent,

-v-

SHAWN ALLEN STEELE,

Defendant and Appellant.

FILED

MAR 19 1991

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jack L. Green, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

J.  Dirk Beccari and Dave Ohler; Missoula Public
Defender Office; Missoula, Montana

For Respondent:

Marc Racicot, Attorney General; Joe Thaggard, Asst.
Atty. General; Helena, Montana
Robert L. Deschamps, III, County Attorney; Betty
Wing, Deputy Co. Atty; Missoula, Montana

Submitted on Briefs:   February 7, 1991

Decided:   March 19, 1991

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

A jury trial was held in the District Court for the Fourth Judicial District, Missoula County. Defendant, Shawn Allen Steele, was convicted of misdemeanor criminal mischief, felony criminal mischief, misdemeanor theft and felony theft. Defendant appeals. We affirm.

The issues on appeal are:

1. Did the District Court err in denying defendant's motion for directed verdict?

2. Did the aggregation of the value of the stolen property subject the defendant to multiple convictions for the same transaction?

On Saturday, October 28, 1989, Renae Rostad (Ms. Rostad) attended a late movie at the Cinema 3 movie theater in Missoula, Montana. Ms. Rostad parked her car in the theater's rear-parking lot. At about 11:45 p.m., after the movie, she returned to her car only to find that someone had broken one of its windows and stolen her purse. The purse, valued at $55, contained $10, several credit cards, and a "bank card" from First Interstate Bank.

Ms. Rostad reported the theft to the Missoula Police Department that night. She reported the theft of her bank card on the following Monday. The customer representative for First Interstate Bank checked the "cardholder activity report" for Ms. Rostad's bank card and discovered that the night Ms. Rostad's purse was stolen someone made three $100 withdrawals from her account with her bank card. A fourth attempt to withdraw $100 was made but since the maximum allowable withdrawal from Ms. Rostad's account

2

was $300 per day, the attempted withdrawal was refused. A video tape taken of all individuals who withdraw money from the Automatic Teller Machine (ATM) revealed that an unidentified male made the three withdrawals. No suspect was apprehended at that time.

Early in 1990, a number of break-ins into vehicles occurred in the parking lots of Cinema 3 and the Duelin' Daltons Saloon in Missoula. Most of the break-ins resulted in the theft of purses and credit cards from the vehicles.

The owner of Duelin' Daltons, Bruce Fowler, began to conduct a surveillance of the Duelin' Dalton's parking lot. On February 2, 1990, Mr. Fowler saw a man emerge from a vehicle and steal something from a car parked across the street from Duelin' Daltons. The man returned to his car and drove away. Mr. Fowler and his friend, Wayne Frank, followed the suspect's car to the parking lot of the Cinema 3. Mr. Fowler used his car to block in the suspect's car in the parking lot. They could see that the suspect was still sitting in his car going through a purse.

Mr. Fowler and Mr. Frank then approached the suspect's vehicle. Mr. Frank recognized the suspect as the defendant and someone he had known for years. Defendant resisted an attempted citizen's arrest by the two men. Mr. Fowler then went to a nearby phone to call the police. In the meantime, defendant admitted to Mr. Frank that he had been involved in thefts from cars for several months. Defendant then escaped on foot.

When the police arrived, they impounded defendant's vehicle and searched it. The detective conducting the search found a

3

purse, two wallets, two sets of keys and identification cards. When the detective reviewed the investigative file from the Rostad case, he recognized the man in the ATM photographs withdrawing money from Ms. Rostad's account as the defendant. The detective later interviewed defendant. The detective testified that defendant admitted to being the man in the photographs but denied any wrongdoing.

In support of its motion for leave to file an Information, the State submitted to the court an affidavit setting forth the circumstances of the alleged crimes. The affidavit revealed that defendant admitted to Mr. Frank that he had been stealing items from cars for several months in order to support his child.

A jury trial was held. At the close of the State's case-in-chief, defendant moved the court to either dismiss Count V of the Information or direct a verdict in defendant's favor. Count V read:

> On or about October 28, 1989, through November 5, 1989, the above-named Defendant purposely or knowingly obtained or exerted unauthorized control over property of another, a purse and cash with value in excess of $300, property of Renae Rostae (sic), with the purpose to deprive the owner of the property.

Defendant argued that the value of the purse stolen from Ms. Rostad was not over $300. Counsel for the defense argued:

> My first motion regarding this is that the court should dismiss the felony charge because the State has failed to prove value of the purse being over $300.00.
> It's my position that the transaction which occurred at the bank is a deceptive practices or some other theft. It's a separate offense. You cannot use the money taken off of that card to include it in the value of the purse. The bank card itself is worth less.
> . . .

4

[T]he State can't use that value to enhance the value of the purse. . . .

Renae Rostad was out the value of her purse, she was out the $10.00 in her purse, and she was out $50.00 according to the last person we had testify to the bank.

The bank was out the other $250.00. And as long as she notified them within two business days, her account was never affected by that.

Therefore, her charge should only be a misdemeanor charge because they haven't proven, even if you aggregate the total amount in it -- with the bank machine, the value still does not exceed $300.00.

The State argued that the purse and the cash together were all part of the same transaction because not only was the bank card taken from the purse, it was used within a half-hour from the time the purse was stolen.

On appeal, defendant challenges only his conviction for Count V, the felony theft relating to Ms. Rostad's purse.

I

Did the District Court err in denying defendant's motion for directed verdict?

Defendant maintains that the State's failure to charge the theft of Ms. Rostad's purse and the money from her bank account as the same transaction or a common scheme was fatal to the State's case. Defendant argues that in this case no evidence permitted the jury to conclude that the value of the property stolen from Ms. Rostad exceeded $300. He maintains that two misdemeanor thefts were involved here: one involved breaking into a car and stealing a purse; the other the use of a bank card.

The State contends that the Information properly charged defendant with felony theft as § 45-6-301(1)(a), MCA, defines the offense. Section 45-6-301, MCA, provides (in part):

5

(1) A person commits the offense of theft when he purposely of knowingly obtains or exerts unauthorized control over property of the owner and:

    (a) has the purpose of depriving the owner of the property;

. . .

(6) A person convicted of the offense of theft of property not exceeding $300 in value shall be fined not to exceed $500 or be imprisoned in the county jail for any term not to exceed 6 months, or both. A person convicted of the offense of theft of property exceeding $300 in value . . . shall be fined not to exceed $50,000 or be imprisoned in the state prison for any term not to exceed 10 years, or both.

(7) Amounts involved in thefts committed pursuant to a common scheme or the same transaction, whether from the same person or several persons, may be aggregated in determining the value of the property. (Emphasis added).

Thus, the State must prove that the value of the property stolen exceeds $300. The State maintains that the evidence presented at trial indicated that the theft of the purse and the money from Ms. Rostad's bank account constituted the same transaction. We agree.

When reviewing the denial of a motion for directed verdict, only substantial evidence in the record supporting the jury's finding is required. State v. Laverdue (1990), 241 Mont. 135, 785 P.2d 718. The standard of review on issues of substantial evidence is that the conviction cannot be overturned if evidence, when viewed in a light most favorable to the prosecution, would allow any rational trier of fact to find essential elements of the crime beyond a reasonable doubt. State v. Krum (1989), 238 Mont. 359, 362, 777 P.2d 889, 891.

The evidence presented at trial proved that the bank card taken from Ms. Rostad's purse was used to withdraw the cash within about a half-hour after the theft of the purse. The evidence

6

presented at trial would allow a rational trier of fact to find the essential elements of felony theft beyond a reasonable doubt. We hold that the District Court did not err in denying defendant's motion for a directed verdict.

## II

Did the aggregation of the value of the stolen property subject the defendant to multiple convictions for the same transaction?

Defendant maintains that the aggregation of the value of Ms. Rostad's purse and the money stolen from her bank account subjected him to multiple convictions for the same transaction, a violation of § 46-11-502, MCA. That section prohibits the State from convicting a defendant of more than one offense arising from the same conduct. As the State points out, such was not the case here. Defendant was charged and convicted of one crime only (felony theft) for his theft of Ms. Rostad's purse and use of her bank card. We conclude defendant's argument is without merit. We hold that the aggregation of the value of the stolen property did not subject defendant to multiple convictions for the same transaction.

Affirmed.

We Concur:

_____
Justice

_____
John Conway Harrison

_____
William E. Hunt

_____
R.C. McDonough

_____
Terry Trieweiler
Justices

7